IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DENNIS MILES WARD                                                                          PLAINTIFF

v.                                              3:06CV00085 JLH/HDY

SCOTT ADAMS, *et al.*                                                                       DEFENDANTS

**ORDER**

Plaintiff, a pre-trial detainee currently incarcerated at the Mississippi County Detention Center, filed a *pro se* complaint (docket entry #2) pursuant to 42 U.S.C. § 1983, on May 19, 2006. Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

According to his complaint, Plaintiff has been arrested, but not convicted, for the rape of his stepdaughter. It appears that Plaintiff's stepdaughter alleged a rape on May 11, 2005, and he was arrested on July 27, 2005. Plaintiff has named as Defendants Scott Adams, a Blytheville Police Department detective, and Reesie Carlisle, a captain at the Mississippi County Detention Center. Plaintiff alleges that no rape kit testing was done at the time of his arrest, and he appears to have issues with his attorney and the judge. Plaintiff believes that he cannot get a fair trial in Mississippi County, and wants a change of venue. However, Plaintiff's complaint makes no specific allegations against either named Defendant. Additionally, it is apparent that Plaintiff has not yet been tried on the charges he is facing, and any claim of injury is premature.

In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44.

Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary

circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

In his complaint, Plaintiff concedes that he is awaiting trial on state criminal charges, and that he is represented by counsel. Additionally, it is clear that the state has an important interest in enforcing its criminal laws. Importantly, Plaintiff can raise his arguments during his state criminal trial, and the circumstances surrounding his arrest will be fully developed in relation to the charges. Finally, there is no indication of bad faith, harassment, or any other extraordinary circumstance that would make abstention inappropriate in this case. Accordingly, the Court concludes that the *Younger* abstention doctrine applies to this case. When *Younger* abstention applies in a case where only injunctive or equitable relief is sought, it is clear that the appropriate disposition is dismissal of the federal action. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998). Here, where Plaintiff has not sought monetary damages, Plaintiff's claims regarding the circumstance of his arrest, the lack of testing, and his assertions that he will not receive a fair trial, will be dismissed without prejudice for failing to state a claim.

Attached to Plaintiff's complaint is a statement alleging inadequate medical treatment, and poor sanitation. As in his complaint regarding his criminal charges, Plaintiff makes no specific allegations against either named Defendant. Although the Court in such an instance would normally allow Plaintiff an opportunity to amend, such a measure is uncalled for in this instance because Plaintiff has alleged in the complaint that he did not exhaust his administrative remedies. Accordingly, Plaintiff has failed to state a claim, and this failure should count as a strike for purposes of 28 U.S.C. § 1915(g).[1]

---

[1]The Eighth Circuit Court of Appeals has, in several recent unpublished opinions *citing Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996)(per curiam), stated that a dismissal of a complaint

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 9th day of June, 2006.

_____
UNITED STATES DISTRICT JUDGE

---

in which an inmate fails to allege exhaustion should count as a strike, because it fails to state a claim, while a complaint in which an inmate alleges exhaustion but is dismissed when the procedural history of the case reveals an actual failure to exhaust, should not count as a strike. *See Millsap v. Jefferson County*, 85 Fed.Appx. 539 (8th Cir. 2003) (unpub. per curiam); *Boyles v. Park*, 111 Fed.Appx. 861 (8th Cir. 2004) (unpub. per curiam); and *Stafford v. Brown*, 114 Fed.Appx. 769 (8th Cir. 2004) (unpub. per curiam). While these cases are unpublished, they give a clear indication of the approach the Court of Appeals intends to apply in these type cases, and a clear indication that Plaintiff's admission that he has not exhausted his administrative remedies should count as a strike for failure to state a claim.